JOHN CARTMELL *v.* W. H. KIBBY ET AL.
J. M. BUCKMAN *v.* W. H. KIBBY ET AL.
N. CARTMELL *v.* W. H. KIBBY ET AL.

**Judicial Sales—Inadequacy of Price—Redemption.**
>   However inadequate may be the price at which a defendant purchased
>   land at an execution sale, he will be entitled to hold the land under the
>   sheriff's deed, made after the right of redemption expired.

APPEAL FROM UNION CIRCUIT COURT.

December 18, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The controlling questions presented for the determination of this court on each of these appeals, so far as the appellees, B. G. Kibby, J. W. Kibby and Spalding and Chapman, are concerned, are whether the conveyances from the sheriff to Harth and from him to Spalding and Chapman and from them to B. F. and J. W. Kibby were fraudulent as to the creditors of W. H. Kibby, or in connection with the deed of trust made on the 8th of April, 1861, operated to vest the title to the land in B. F. and J. W. Kibby as trustees, subject to W. H. Kibby's debts.

However inadequate may have been the price at which Harth purchased the land, we do not perceive in the record any reason why he might not have held the land, if he had chosen to do so, under the sheriff's deed to him, which was made after Kibby's right of redemption had expired, and which Chapman and Spald-

ing appear to have acted with liberality towards B. F. and J. W. Kibby, which may have been prompted by sympathy for their father in his misfortunes, there is not sufficient evidence of a fraudulent combination between them and the Kibbys to authorize the court to set aside the deeds; nor do we think the provisions of the deed of trust, as the land was sooner redeemed under it, can affect the validity of the title afterwards acquired from Spalding and Chapman, or render the land liable to the claims of W. H. Kibby's creditors.

As to the claim of John Cartmell for the price of a stallion horse bought of Mrs. Harrell, we think the conclusion sustained by the evidence that Cartmell was the principal in the debt and retained the ownership of the horse and ought not, therefore, to have recovered on his claim for the price paid by him.

Wherefore, perceiving no error in the judgment, the same is *affirmed.*

*Huston,* for appellants.

*Bush* for appellees.